# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KAREN MUELLER,<br><br>      Plaintiff,<br><br>v.<br><br>COMERICA BANK, JAMIE DIMOR, JEFFREY FILLINGER, STUART G. SCHMIDT, MICHELE PARHAM, MARLENE MYRICK, MARY FILLINGER, AMBER SCHWALENBERG, LORIE SCHWALENBERG, APRIL POPP, TRAVIS POPP, FRANK GONZALEZ, RENEE GONZALEZ, THOMAS HAMILTON, CITY OF WEST ALLIS, and JOHN AND JANE DOES,<br><br>      Defendants. | Case No. 20-CV-742-JPS<br><br>**ORDER** |

  Plaintiff Karen Mueller, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). At the next step, the Court must dismiss the action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B).

  On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is

reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff filed a longform affidavit in which she made various statements about her financial status under oath. (Docket #2). She explains that she is unemployed due to her age and a temporary disability. *Id.* at 1. On a monthly basis, she receives approximately $3,000 from a trust to cover living expenses. *Id.* at 2. She has approximately $9,000 saved with various financial institutions. *Id.* Her monthly expenses are approximately $3,800, but she also receives food stamps, which offset her $480.00 food expenses. *Id.* at 4. Plaintiff owns real estate valued at $150,000.00, and formerly owned a home worth $175,000.00 that was allegedly illegally foreclosed on. *Id.* at 3. She also avers that she is owed money by various institutions. *Id.* at 3. On balance, the Court finds that Plaintiff has alleged access to enough funds to pay her living expenses as well as the $400.00 filing fee. Accordingly, the motion to proceed *in forma pauperis* must be denied.

In order to forestall a payment that would only lead to the dismissal of the action, the Court will also briefly address the complaint. Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must also screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir.

1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

As with Plaintiff's other case before this court, Case No. 20-CV-688, this case must be dismissed for want of jurisdiction. The submissions in this case are somewhat difficult to follow, but it appears that Plaintiff is upset with a real estate transaction that resulted in her being underpaid for, or losing, her home. The complaint does not clearly allege a violation of any federal law. It appears that Plaintiff believes her property was stolen by the defendants. (Docket #1 at 5). Plaintiff has sued Comerica Bank, as well as

Page 3 of 4
Case 2:20-cv-00742-JPS   Filed 09/25/20   Page 3 of 4   Document 7

various individuals, many of whom appear to be citizens of Wisconsin. (Docket #1 at 2–3). Setting aside the pleading deficiencies in this complaint, the Court cannot hear the case because the parties are not properly diverse. 28 U.S.C. § 1332(a). Therefore, this action must be dismissed for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:20-cv-00742-JPS   Filed 09/25/20   Page 4 of 4   Document 7